[Civ. No. 3431. First Appellate District, Division One.—September 1, 1920.]

## O. S. TILLMAN, Appellant, v. R. H. GIBSON, Respondent.

[1] BROKERS' COMMISSIONS—WITHDRAWAL OF PROPOSAL OF SALE BE-
FORE ACCEPTANCE—SUFFICIENCY OF EVIDENCE.—In this action to
recover a broker's commission based upon a letter from defendant
to plaintiff giving the latter a short option to sell the described
property upon certain terms, the finding that defendant had with-
drawn and revoked the proposal of sale before the prospective pur-
chaser produced by plaintiff had signed and delivered his written
acceptance of the proposal to defendant is held to be supported
by the evidence.

APPEAL from a judgment of the Superior Court of
Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

Minor Moore for Appellant.

Ward Chapman and L. M. Chapman for Respondent.

WELCH, J., *pro tem.*—Plaintiff is a real estate broker
and the defendant the owner of an orange grove in the
San Fernando Valley, Los Angeles County. This action
for commissions is based upon a letter from defendant to
plaintiff, of which the following is a copy:

"November 1, 1918.

"Mr. Tillman,
    "Of San Dimas Realty Co.,
        "Huntley Hotel, City.
"Dear Sir:—

"As indicated in my conversation with you the other day,
it was my intention to give to your firm the sole handling
of my orange grove located at San Fernando, which I have
decided to sell. Unfortunately, everyone in the state of
California apparently considers himself a real estate agent,
and the night previous to my meeting with you I men-
tioned in the presence of two or three men that I intended

1. When real estate broker has earned his commission, notes, 28
Am. St. Rep. 546; 139 Am. St. Rep. 225.

putting price and terms on my property such as would be certain to insure a sale; and as a result of my indiscriminate talking I have already had not less than a dozen would-be purchasers, two or three of whom have, as I understand it, actually visited the grove. This situation is rather unpleasant, and I have decided to absolutely withdraw the same from sale, always, however, recognizing the fact that you and your associates of whom you spoke to me, may consider that you have an option on the property for a few days. This must be limited to a very short period, as in addition to would-be buyers I have an offer to rent the grove which will pay me more money per annum than I advised you I would sell for. For this reason I must limit your option to Monday, November 4th, which I realize is altogether too short to enable you to do business, but at the same time if you indicate a desire to close it does not mean that it must be closed by that date.

"The price, as indicated by me to you, is $1,250.00 per acre, and in figuring up my different purchases I find that I own 67.691 acres, which at $1,250.00 per acre would come to $84,615.00, out of which you are to receive a commission of 5%. I also indicated to you that the payments for this property might be strung out on the basis of $5,000 per annum, with 7% on deferred payments, always provided that the would-be purchasers would either give me additional security or that their notes were of such unquestionable character as to eliminate the necessity of this.

"Yours truly,

"(Signed)   R. H. GIBSON."

At the close of the trial the court gave defendant judgment for his costs. From the judgment the plaintiff appeals upon the judgment-roll and a transcription of the proceedings of the phonographic reporter.

[1] The record contains no specifications of insufficiency of the evidence to support the decision of the court. However, we have taken the time to read the pleadings, evidence, findings, and judgment and find that the decision is not only supported by the evidence in the case, but is founded upon evidence with little or no conflict.

The court found that on November 4, 1918, plaintiff produced a prospective purchaser to defendant, who signed and delivered to defendant "what purported to be a written

acceptance of defendant's proposal to sell said property on the terms set forth in the letter hereinbefore set forth,; but the court finds that before said written acceptance was signed and delivered to defendant as aforesaid, the said proposal had been revoked, withdrawn, and was not binding upon defendant or in force, nor in effect.'' There were other findings just as fatal to appellant's cause of action as the one just quoted. The four points made by appellant in his opening brief are all on the theory that there is a valid authorization of his agency to sell the land. His premise being false, it could serve no useful purpose to review his argument.

The judgment is affirmed.

Richards, J., and Waste, P. J., concurred.